IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JIMMY DEWAYNE STANLEY                                                                              PLAINTIFF

V.                          Case No. 4:25-CV-01148-JM-BBM

DOES                                                                                                          DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.  INTRODUCTION

On November 3, 2025, Plaintiff Jimmy Dewayne Stanley, an inmate in the Drew County Detention Facility ("DCDF"), filed a *pro se* Complaint under 42 U.S.C. § 1983, alleging violations of his Sixth Amendment rights. (Doc. 1). Stanley did not pay the filing fee or file a motion for leave to proceed *in forma pauperis* ("IFP Motion"). Because Stanley is ineligible to proceed *in forma pauperis*, it is recommended that this case be dismissed without prejudice to Stanley's ability to reopen by paying the $405 filing fee in full.

## II.  DISCUSSION

Under the Prison Litigation Reform Act, prisoners may not proceed *in forma pauperis* if, on three or more prior occasions while they were detained, they had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g). Stanley has had at least three cases dismissed for one of those reasons. *See Stanley v. Jefferson Comprehensive Care Clinic*, 4:25-CV-00674-JM (E.D. Ark. July 11, 2025) (dismissed for failure to state a claim); *Stanley v. Drew Memorial Hospital*, 4:25-CV-00679-BSM (E.D. Ark. Aug. 1, 2025) (same); *Stanley v. Sherril*, 4:25-CV-00712-JM (E.D. Ark. Sept. 8, 2025) (same); *Stanley v. Health-Care Pharmacy*, 4:25-CV-00714-JM (E.D. Ark. Aug. 4, 2025) (same).

Because Stanley is a "three-striker," he can proceed *in forma pauperis* only if he was in imminent danger of serious physical injury at the time he filed his Complaint. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). "Absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury," three-strikers do not satisfy the imminent-danger-of-serious-physical-injury exception to proceed *in forma pauperis*. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Stanley alleges that, in September and October 2025, he was unable to get five letters mailed to the United States District Court, despite asking various DCDF employees for help. (Doc. 1 at 1). These allegations in no way show that Stanley is in danger of physical injury. Accordingly, Stanley may not proceed *in forma pauperis* in this action.

2

And it is recommended that Stanley's Complaint be dismissed without prejudice pending payment of the $405.00 filing and administrative fees.

## III. CONCLUSION

IT IS THEREFORE RECOMMENDED THAT:

1. Stanley's Complaint, (Doc. 1), be DISMISSED without prejudice.

2. If Stanley wishes to continue this case, he be required, within thirty days of any order and judgment adopting this Recommendation, to submit the statutory filing and administrative fees of $405.00 to the Clerk of the Court along with a motion to reopen the case.

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any *in forma pauperis* appeal would not be taken in good faith.

DATED this 5th day of November, 2025.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE